UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

"In re FORFEITURE OF $1,006.00"

or

MARC KING,

  Plaintiff,

v

CITY OF GRAND RAPIDS,
POLICE DEPARTMENT; and
JOSEPH SIRARD, THOMAS LYZENGA,
and JERMY HUFFMAN,

  Defendants.
_____/

Case No. 1:04-cv-604

Hon. Wendell A. Miles

OPINION AND ORDER ON DEFENDANTS' "MOTION FOR SUMMARY JUDGMENT"

  In this action under 42 U.S.C. § 1983, the *pro se* plaintiff, a Michigan prisoner, alleges that the defendants, the City of Grand Rapids ("the City") and three of its current and former police officers, violated his constitutional rights in connection with the administrative forfeiture of $ 1,006.00 in cash seized from him when he was arrested on the charges for which he is currently serving a life sentence.  Plaintiff seeks recovery of the money with interest or, alternatively, a "restoration" of his right to contest the forfeiture.  The matter is currently before the court on a motion by defendants the City, Thomas Lyzenga, and Jeremy Huffman for dismissal under Fed.R.Civ.P. 12(b)(6), styled by them as a  "Motion for Summary Judgment" (docket no. 22).  Plaintiff has opposed the motion.

For the reasons to follow, the court **GRANTS** the motion and dismisses this case with prejudice.

**I**

Plaintiff Marc King is a prisoner currently confined at the Oaks Correctional Facility in East Lake, Michigan. Plaintiff is serving a life sentence and consecutive two-year term on charges of assault with intent to commit murder and possession of a firearm during the commission of a felony. People of Michigan v. King, No. 218341, 2000 WL 33401850 (Mich. App. Nov. 17, 2000). The facts of the present case have their origin in events which transpired at the time of plaintiff's arrest on these charges by the Grand Rapids police on March 27, 1998.

At the time of his arrest, plaintiff had in his possession cash totaling $ 1,006.00. Plaintiff alleges – and the defendants do not dispute – that the monies were confiscated from plaintiff when he was taken into custody. On April 28, 1998, the City of Grand Rapids commenced administrative forfeiture proceedings, which culminated in the forfeiture of the monies taken from plaintiff at the time of his arrest.

Plaintiff, who contends that he remained in custody following his arrest, alleges that he was not given "constructive notice" of the forfeiture or an opportunity to present a defense in the forfeiture proceedings. Notwithstanding this alleged lack of notice, plaintiff at some point became aware of the forfeiture. Between February, 1999 and September, 2000 plaintiff made a number of unsuccessful attempts to judicially recover the forfeited funds in Michigan courts. In addition, in January, 2004 plaintiff filed a complaint in Michigan's Kent County Circuit Court seeking to void the forfeiture.

Plaintiff filed his complaint in the current action – styled "Complaint to Recover Unlawful/Fraudulently Obtained Administrative Forfeiture of $ 1,006.00" – on September 9, 2004.  Alleging that the forfeiture violated his constitutional rights to due process and equal protection, plaintiff seeks return of the forfeited funds with interest, or, alternatively, a "restoration" of his right to judicially contest the forfeiture.

**II**

Though captioned as a "Motion for Summary Judgment" under Fed.R.Civ.P. 56, plaintiff's motion is actually one for dismissal under Fed.R.Civ.P. 12(b)(6), based solely on the statute of limitations.  Rule 12(b)(6) allows dismissal of a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  City of Monroe Employees Retirement Sys. v. Bridgestone Corp., 399 F.3d 651, 664-665 (6th Cir. 2005).  In reviewing a motion under the rule, the court must accept as true the well-pleaded facts set forth in the complaint.  Id. at 664.  In contrast, where summary judgment is sought, the question is whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

Here, plaintiff's claims fail regardless of which standard is applied, for the facts show that this action is time barred.  The general rule is that federal courts apply state personal injury statutes of limitations to claims brought under 42 U.S.C. § 1983.  See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947 (1985).  For § 1983 actions arising in Michigan, the relevant

limitation period is three years. M.C.L. § 600.5805(10); Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986).[1]

Although state statutes of limitations apply to § 1983 actions, federal law determines the accrual of those claims. Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996). Under federal law, a statute of limitations begins to run when the plaintiff knows or has reason to know that the act providing the basis of his injury has occurred. Id. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991).

The allegations of plaintiff's complaint indicate that he must have become aware of his injury by February 25, 1999, when he filed his first action seeking return of the "forfeited money." Complaint at 4, ¶ (a).[2] By that time, plaintiff should have known that the seized funds had been the subject of forfeiture proceedings. Accordingly, plaintiff's claim accrued not later

---

[1] In their motion, the defendants argue that the relevant statute of limitation is contained in M.C.L. § 600.5809(2), which provides for a two-year limitation period "for an action for the recovery of a penalty or forfeiture based on a penal statute brought in the name of the people of this state." However, construing the allegations of plaintiff's *pro se* complaint broadly, the court concludes that the applicable period in this case is instead the three-year period contained in M.C.L. § 600.5805(10), which specifies that the period of limitations "is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property."

[2] In his response to the defendants' motion, plaintiff argues that he was at first not aware that the funds had been the subject of a forfeiture; he contends that he simply sought return of the money because he did not believe that the charges of which he was convicted did not support a forfeiture. However, because plaintiff's own complaint specifically alleges that he filed a written motion seeking "Release of Forfeited Money" on February 25, 1999, his pleadings indicate that he must have been aware of the forfeiture by that date. Complaint at 4, ¶ (a); see also Plaintiff's "Answer in Opposition to Defendant's [sic] Answer to Complaint and Affirmative Defenses (docket no. 15), Exhibit A (asking the state court to "overturn forfeited U.S. currency in the sum of $ 1,006.00").

than that date (if not earlier), and the limitations period would have expired in February, 2002. Because plaintiff waited until September, 2004 to file this action, his claims are time-barred and therefore subject to dismissal on that basis.

In his response to the defendants' motion, plaintiff argues, among other things, that the Sixth Circuit has held that the proper remedy for inadequate notice of forfeiture is restoration of the right to judicially contest the forfeiture. United States v. Dusenberry, 201 F.3d 763, 767-768 (6th Cir. 2000). In such an instance, the court held "the applicable statute of limitations, [29 U.S.C.] § 1621, therefore has no bearing. 201 F.3d at 768. However, Dusenberry did not address the limitations period applicable to claims under 42 U.S.C. § 1983, nor did it involve applicability of the statute of limitations to the right of a claimant to seek recovery of forfeited property. Instead, Dusenberry addressed the question of whether a claimant who establishes lack of notice and regains the right to contest the forfeiture may then assert the federal statute of limitations as a defense against the United States. 201 F.3d at 766. That is not the situation presented here.

Anticipating that the defendants would invoke the statute of limitations in their defense, plaintiff's complaint contains a number of allegations which he contends justify application of "equitable tolling" to save his claims. Plaintiff argues that equitable tolling should be available to him because he has "actively pursued his judicial remedies by filing a defective pleading during the statutory period." Complaint at 4.[3]

---

[3] Before 1994, Michigan law provided for the tolling of the statute of limitations as to a claim that accrued while the plaintiff was incarcerated. The current statute, M.C.L. § 600.5851, contains no such tolling provision, and none was in effect at the time of plaintiff's arrest and/or incarceration. Statutory tolling is therefore not at issue.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, No. 03-9627, 2005 WL 957194, *6 (U.S. Apr. 27, 2005). However, plaintiff's allegations do not account for the entire period between 1999 and 2004, when he finally filed his action. Plaintiff has not shown diligence, nor has he attempted to show that an "extraordinary circumstance" prevented him from filing this action in a timely manner. Because he filed this action well beyond the three-year deadline, and because tolling principles do not apply, plaintiff's claims are time-barred.[4]

## III

Not all of the defendants have appeared in this action. One of the defendants, Joseph Sirard, could not be served at the address provided by plaintiff, and the summons was returned unexecuted. Sirard apparently no longer works for the City's police department, and plaintiff has not provided an address at which this defendant may be served.

However, the court's review of this matter is not limited solely to the motion filed by the defendants who have appeared in this action. A portion of the federal Prison Litigation Reform Act expressly provides that "the court shall dismiss the case at any time" if it determines that the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[4] In their motion, the defendants appear to suggest that plaintiff's claims might alternatively be precluded by principles of "full faith and credit" because the Michigan courts have refused to grant him relief. They also contend that even plaintiff's most recent action, filed in the Kent County Circuit Court against the Kent County prosecutor, has now been dismissed as time barred. However, because the court concludes that plaintiff's claims under 42 U.S.C. § 1983 are time barred, the court need not determine whether plaintiff's claims might also be precluded by any previous determinations of Michigan's courts.

6

(concerning review of *in forma pauperis* actions). The law "requires federal district courts to undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which relief may be granted." Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002). In determining whether a complaint should be dismissed for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitled him to relief. In re DeLorean Motor Co., 991 F.2d 1236, 1239-1240 (6th Cir. 1993).

Construing the factual allegations of plaintiff's complaint as true, it is clear that any claims against defendant Sirard are time-barred. For the same reasons stated in Part III of this decision above, the claims against this defendant are also subject to dismissal.

## Conclusion

Plaintiff's claims are time-barred. The court therefore court **GRANTS** defendants' motion and dismisses the claims against defendants the City of Grand Rapids, Thomas Lyzenga, and Jeremy Huffman. In addition, the court dismisses any claims against defendant Sirard pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This action is dismissed with prejudice in its entirety.

So ordered this 3rd day of May, 2005.

                                             /s/ Wendell A. Miles
                                            Wendell A. Miles
                                            Senior U.S. District Judge